IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV272-1-W
3:06CR450

| | | |
|---|---|---|
| TROY WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed June 18, 2010.

## PROCEDURAL HISTORY

On February 13, 2007, Petitioner was named in a six-count Superceding Bill of

Indictment charging him with three counts of bank robbery and three counts of bank larceny in

violation of 18 U.S.C. §§ 2113(a) and (b). (Crim. Case No. 3:06cr450: Doc. No. 11.) On May 7,

2007, Petitioner entered a "straight up" guilty plea at his Rule 11 hearing to the three bank

robbery charges.[1] (Crim. Case No. 3:06cr450: Doc. No. 17.) On August 19, 2008, this Court

sentenced Petitioner to 180 months' imprisonment on each count to run concurrently. (Crim.

Case No. 3:06cr450: Doc. No. 25.) Judgment was entered on September 17, 2008. (Crim. Case

No. 3:06cr450: Doc. No. 27.)

Meanwhile, on August 25, 2008, Petitioner filed a Notice of Appeal. (Crim. Case No.

---

[1] The Government moved to dismiss the three remaining bank larceny charges at
sentencing. (Crim. Case No. 3:06cr450: Doc. No. 25 at 35.)

3:06cr450: Doc. No. 23.)  Petitioner's appellate counsel filed an <u>Anders</u>[2] brief asserting that

there were no meritorious grounds for appeal but raising for the appellate court's consideration

the fact that Petitioner's sentence was procedurally and substantively unreasonable.  Petitioner

filed two <u>pro se</u> supplemental briefs challenging the use of his attempted robbery conviction as a

predicate offense for his career offender classification.  In addition, Petitioner argued that his

trial counsel was ineffective.  On August 10, 2009, the Fourth Circuit, in an unpublished opinion,

rejected all of Petitioner's appellate claims,[3] including his <u>pro se</u> claims concerning his

classification as a career offender.  (Crim. Case No. 3:06cr450: Doc. No. 33.)  On March 1,

2010, the Supreme Court denied Petitioner's Petition for a Writ of Certiorari.

On June 18, 2010, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 1.)  In his Motion to Vacate, Petitioner raises

two ineffective assistance of appellate counsel claims.   First, Petitioner argues that his appellate

counsel was ineffective for failing to "object to the miscalculation of the district court in which

resulted in a improper enhancement when defense counsel failed to object to an improper

enhancement under U.S.S.G. 4B1.1, 4B1.2(a)(1)."  Second, Petitioner argues that his appellate

counsel was ineffective for failing to "investigate [Petitioner's] prior conviction of attempted

robbery as a lesser included offense and examine the files, giving grounds for the district court to

enhance sentencing on erroneous records information that supports a double jeopardy and fails to

establish: (1) the "substantial step" or "dangerous proximity" toward the commission of the

---

[2] <u>Anders v. California</u>, 386 U.S. 738 (1967).

[3]  The appellate court declined to address Petitioner's ineffective assistance of counsel
claim noting that such claims are not cognizable on direct appeal unless the record conclusively
establishes trial counsel's ineffectiveness.

offense; (2) a sentencing colloquy as to what [Petitioner] plea to; and (3) the physical force required for a crime of violence . . . ."

## ANALYSIS

### I.  INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein.  In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence.  As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIMS

Petitioner's ineffective assistance of counsel claims are  governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984).   In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If the petitioner fails to meet this burden, a

"reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

Petitioner's appellate counsel did not argue that Petitioner was incorrectly classified as a career offender. Petitioner, however, filed two extensive pro se supplemental briefs arguing that he was improperly classified as a career offender. In affirming Petitioner's sentence, the Fourth Circuit specifically noted the claims raised by Petitioner in his pro se supplemental briefs and found them to be without merit. United States v. Warren, 340 Fed. App'x 948, 950 (4th Cir. 2009). Given the Fourth Circuit's consideration of and rejection of these claims,[4] Petitioner cannot, at a minimum, establish the requisite prejudice for his ineffective assistance of appellate counsel claims and they are denied.

---

[4] It is well-settled that issues previously decided upon appeal from conviction cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.")

Moreover, to the extent Petitioner's ineffective assistance of appellate counsel claims are not considered to have been precluded by the Fourth Circuit's ruling on Petitioner's career offender status, this Court finds that Petitioner's highly conclusory allegations simply fail to state a claim. That is, Petitioner does not even allege what specific facts or circumstances an investigation might have revealed. Nor does Petitioner specify why his attempted robbery conviction was improperly used to enhance his sentence. Indeed, he provides no case specific analysis. As such, Petitioner has not established that he was prejudiced. Mere speculation is insufficient to support a habeas claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Consequently, Petitioner's Motion to vacate is dismissed on this basis as well.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: June 24, 2010

Frank D. Whitney
United States District Judge